UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BENJAMIN RASHEED GILLESPIE                                          CIVIL ACTION

VERSUS                                                                              NO. 15-719

JEFFERSON PARISH                                                         SECTION "S"(2)
SHERIFF'S OFFICE ET AL.

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Benjamin Rasheed Gillespie, was a prisoner incarcerated in the Jefferson Parish Correctional Center. Plaintiff filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging that he was charged with introducing HIV medication into the prison and thereafter denied HIV medication for five weeks. He seeks his release from incarceration. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated March 17, 2015, Record Doc. No. 7, the court required Gillespie to file on or before April 6, 2015, (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary

of the expected testimony of each witness. A review of the record indicates that the Clerk mailed this order to plaintiff at the Jefferson Parish Correctional Center address indicated on the envelope in which he mailed his complaint to the court. This order has been returned to the court, and no response from plaintiff has been received. Record Doc. No. 12.

Thereafter, by letter dated March 26, 2015, the Jefferson Parish Correctional Center advised the court that plaintiff "was transferred to New Orleans Police Department (NOPD) on 3/21/15." Record Doc. No. 8. Therefore, staff of the undersigned magistrate judge inquired and were advised by staff of the Orleans Parish Prison system ("OPP") that plaintiff was released on March 23, 2015, after being transferred to OPP from the Jefferson Parish Correctional Center. The court was given the forwarding address that plaintiff provided to prison officials when he was released, an address also found in plaintiff's complaint. Record Doc. No. 1 at pp. 3, 4. By order entered April 9, 2015, Record Doc. No. 10, plaintiff was advised of the court's prior order, Record Doc. No. 7, and granted until April 29, 2015, to respond. Plaintiff was further advised that it is his responsibility to keep the court advised of any address change, Local Rules 11.1 and 41.3.1, and that failure to comply with the court's orders could result in his case being dismissed. The Clerk was directed to enter on the docket sheet of this case the forwarding address provided by plaintiff to the prison when he was released, which is also found in his complaint. Record Doc. No. 1 at pp. 3, 4. The April

9, 2015 order was mailed to plaintiff by the Clerk at this forwarding address. This order has <u>not</u> been returned to the court and no response from plaintiff has been received.

<u>Some</u> mail addressed to plaintiff has been returned to the court. However, all litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated March 2, 2015, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance

with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."  Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with the court's March 17 and April 9, 2015 orders clearly reflects a failure on the part of plaintiff to prosecute. This record of several failures to comply with the court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal.  See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for

failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Benjamin Rasheed Gillespie be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this \_\_\_\_15th\_\_\_\_ day of May, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.